**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| In re<br><br>**EDWIN RITTER JONAS, III**,<br><br>Debtor. | Case No. **10-60248-11** |
|---|---|

# MEMORANDUM OF LAW

At Butte in said District this 29th day of September, 2011.

In this Chapter 11 case, after due notice, a hearing was held at Missoula on September 20, 2011, on the Objection filed on August 9, 2011 (Docket No. 204) to Proof of Claim No. 1 filed by Debtor's former spouse Linda Jonas ("Linda"). The Objection was filed by Creditors John Bloomquist, the law firm Gough, Shanahan, Johnson and Waterman, PLLP, RLK Hydro, Inc., Roderick V. Hannah, and Sandra Hochman (hereinafter referred to together as "Creditors"). Linda did not file a response, but she was represented at the hearing in opposition to the Objection by attorney Quentin M. Rhoades ("Rhoades") of Missoula. The Debtor was represented by attorney Edward A. Murphy ("Murphy") of Missoula.

The Creditors did not file a witness and exhibit list, but were represented at the hearing by attorney Ronald F. Waterman ("Waterman") of Helena. No testimony or exhibits were admitted. The Court heard argument of counsel, and at the conclusion of the hearing the Court took the Objection under advisement. After review of Linda's Proof of Claim No. 1, attachments thereto, and applicable law, Creditors' Objection will be overruled by separate Order because Creditors' failed their burden to overcome the prima facie evidence of the validity and amount of Linda's

Proof of Claim under F.R.B.P. 3001(f).

This Court has jurisdiction of this Chapter 11 case under 28 U.S.C. § 1334(a). Allowance of claims against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND FACTS & PROCEDURAL HISTORY**

The Debtor Edwin Ritter Jonas III ("Edwin" or "Debtor") and Linda were married, but their marriage was dissolved in proceedings conducted in the Superior Court of the State of New Jersey, Docket No. FM-04-259-89. The Debtor commenced this case by filing a Chapter 11 petition on February 19, 2010. The case was converted to Chapter 7, but the Court allowed the Debtor to reconvert the case to Chapter 11 by Order entered on July 14, 2011.

The Debtor moved to annul the automatic stay to allow the Debtor to proceed with a pending appeal involving claims against Linda in the Montana Supreme Court, and after a hearing the Court annulled the stay on November 5, 2010, to allow Edwin's appeal to proceed[1]. In addition, Edwin returned to the Superior Court in New Jersey and initiated proceedings for relief from judgments against him awarded to Linda, which are the basis of Linda's claim[2].

Linda filed Proof of Claim No. 1 on March 19, 2010, and filed an amended claim on March 24, 2010. Linda's amended claim asserts a secured claim in the amount of $1,091,391.21, and also claims it as a priority claim under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) as a domestic support obligation. Linda attached three (3) exhibits ("Ex.") amended Claim 1, A, B, and C.

---

[1]The docket shows that Waterman has been employed by the Debtor for a special purpose, i.e., to represent Debtor in his appeal in the Montana Supreme Court, over Linda's objection. Dkt. Nos. 7, 8, 30.

[2]Murphy informed the Court at the hearing that Edwin's appeal in New Jersey has had oral argument scheduled.

Ex. A to Linda's amended Claim 1 is the notice of filing foreign judgment which Linda filed in the Montana Twentieth Judicial District Court, Lake County, Cause No. DV-09-388, on December 3, 2009, and a copy of an order entered in Docket No. FM-04-259-89 in the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, dated May 4, 2006. That order includes several judgments against Edwin totaling $695,476.97, plus interest as of December 31, 2005, in the amount of $147,205.35, and refers to an ongoing alimony obligation of Edwin to Linda in the amount of $3,000 per month. Counsel fees and costs in the amount of $7,552.50 were awarded on May 23, 2006, shown by Ex. B. Ex. C includes a writ of execution entered in the Montana Twentieth Judicial District Court, No. DV-09-388, and an itemization of the amounts of judgment, interest to February 1, 2010, and accruing alimony, with a total amount stated for in the sum of $1,091,391.21, as stated on Linda's amended claim.

The Creditors filed their Objection on August 9, 2011 (Dkt. 204). Creditors attached to their Objection several Orders entered in Docket No. FM-04-259-89 in the Superior Court, Chancery Division, Family Part, Camden County, New Jersey, dated from 1995, 1996, and 2006. Creditors also attached "Exhibit 6" which is allegedly an excerpt from a brief filed by Linda in the Appellate Division of the New Jersey Superior Court in No. FM-04-259-89[3].

Creditors' Objection alleges that Edwin was ordered to transfer to Linda $120,000 in funds, and to assign $148,000 in rental payments, and deeds to real property in Florida and New

---

[3]Exhibit 6 is not dated, nor does it include a signature. The first page appears to be a cover page of a "Brief & Appendix" of Linda, and otherwise Ex. 6 consists of two (2) pages, marked at the bottom "18" and "19." The second page recites in part, presumably referring to Edwin: "He has not paid any of the sums he has been ordered to pay." Ex. 6 then refers to Edwin's accusations that Linda misappropriated proceeds from real estate entrusted to her in a constructive trust "which was eventually sold and used for support."

Jersey to be sold by Linda and applied to Edwin's child support and alimony obligations. Creditors object that Linda's Claim 1 does not show any offset for those monies, and that no accounting has been presented by Linda despite her judicial admission in New Jersey that she received funds to be held in trust. Therefore, Creditors argue that an absence of any corroborating support exists for the amount stated on Linda's Claim.

Creditors request that this Court deny Linda's Claim 1 and order a full accounting, which they contend may establish that Edwin's entire support obligation to Linda has been satisfied by the funds transferred to her in trust. At the hearing Creditors called no witnesses in support of their contentions, and Creditors offered no exhibits, not even the exhibits attached to their Objection. Waterman argued that Linda has stated that she received the funds and property in trust and spent the money, which constitutes her judicial admission, and that she failed to show any offsets in her Claim.

Rhoades argued on behalf of Linda that the 2006 judgment attached to her Claim 1 nets the earlier payments, that she received no payments or property in trust after 2006, and that her judgment is final. Rhoades argued that the Creditors' request for an accounting requires an adversary proceeding, not an objection. In reply, Waterman argued that since Linda admits the receipt of funds the Creditors should, under principles of equity, be allowed to enquire about offsets, and that Linda has unclean hands because she was ordered to hold the funds in trust and spent them instead.

Counsel for Debtor stated at the hearing that Edwin's appeal in New Jersey is pending. Waterman argued that the New Jersey courts stated that when Edwin returned to court in New Jersey, he would be entitled to an accounting. Rhoades argued that Edwin failed to post an

appeal bond in New Jersey.

None of the arguments by any of the parties was supported by evidence admitted at the hearing.

**DISCUSSION**

This Court discussed its longstanding rule governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

> A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. F.R.B.P. 3001(f). The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):
>
>> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.
>>
>> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.
>>
>> * * * *
>>
>> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to

> prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.
>
> *See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).
>
> Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell v. Anchor Const. Specialists* was reiterated by the Ninth Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002). Then in 2006 the BAP, in *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006), discussed clarification provided by the United States Supreme Court decision *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), regarding the "prima facie evidence" language in Rule 3001(f):

> The Supreme Court has clarified that the Rule 3001(f) "prima facie evidence" language does not address the burden of proof in an objection to claim proceeding. *Raleigh*, 530 U.S. at 22 n. 2, 120 S.Ct. 1951.
>
> It follows that, after *Raleigh*, Rule 3001(f) cannot be construed as allocating the burden of proof and, instead, operates merely as an evidentiary presumption that is rebuttable.
>
> The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. [*Garner v. Shier (In re Garner),* 246 B.R. 617, 622 (9th Cir. BAP 2000)]; *Diamant v. Kasparian (In re So. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1248 (9th Cir. 1999) (although the creditor

> bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY ¶ 3007.01[1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006)] ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant"). Hence, at best, Litton's $33,435.46 proof of claim was entitled to the Rule 3001(f) evidentiary presumption, which is capable of being rebutted.
>
> Assuming, without deciding, that the evidentiary presumption did apply, the mechanics of what it takes to rebut the Rule 3001(f) presumption are driven by the nature of the presumption as "prima facie" evidence of the claims validity and amount. *Garner*, 245 B.R. at 621-22. The proof of claim is more than "some" evidence; it is, unless rebutted, "prima facie" evidence. *Id.* One rebuts evidence with counter-evidence. *Id.*

347 B.R. at 706-07.

In *Garvida* the objecting debtors satisfied their burden of going forward by proferring evidence at a hearing proving they made payments, and as a result the burden shifted to the creditor to prove the validity and amount of its claim, which it failed when it failed to provide an accounting. 347 B.R. at 702, 707. In the instant case, by contrast the Creditors offered no witness testimony at the hearing, and did not offer the exhibits they attached to their Objection, which they filed more than a month before the hearing.

Thus, Creditors did not rebut the prima facie evidence of Linda's Proof of Claim with any evidence. Linda's amended Claim 1 includes attachments showing the amount of judgment, interest to February 1, 2010, accrued interest[4] and other charges. Ex. C to Linda's claim includes the itemized summary required by Montana Local Bankruptcy Rule 3001-2. Therefore Linda's claim is entitled to the evidentiary presumption, and the Creditors did not rebut her claim with counter-evidence. *Garvida*, 347 B.R. at 706, 706. Linda's Proof of Claim provides "some

[4]One may quibble that Linda's claim leaves out half a month of interest after February 1, 2010, to the petition date.

evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm,* 931 F.2d at 623. Creditors offered only an Objection without evidence.

Creditors did not offer the exhibits attached to their Objection for admission at the hearing. Linda did not stipulate to their admission. As a result they were not admitted into evidence, and are nothing more than attorney argument. Attorney argument is not admissible in evidence and therefore is not relevant. *Hurley v. Student Loan Acquisition Auth. of Ariz.*, *et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); *In re Nielsen*, 211 B.R. 19, 22 n.3 (8th Cir. BAP 1997) (Neither statements of counsel nor exhibits to a brief are evidence unless expressly stipulated as admissible evidence); *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) (Documents attached to debtors' motion do not constitute evidence and may not be considered by the court).

At the hearing Waterman argued that this Court should order an accounting of the amounts which Linda received to be held in trust but spent, to ensure that Linda's claim is not overstated. Creditors thereby seek to shift their burden to this Court, based on principles of equity, to order an accounting.

A fundamental maxim of equity reads: "The law aids the vigilant before those who sleep

on their rights." Mont. Code Ann. § 1-3-218. By motion, Creditors had the ability under F.R.B.P. Rule 2004 to request that the Court order the examination of "any entity." Rule 2004(a). This Court routinely grants motions for Rule 2004 examinations without notice or hearing, subject to any party in interest having the right to object and schedule a hearing to reconsider. Mont. LBR 9014-1(g)(2)(C). The scope of such an examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate ...." Rule 2004(b).

The objecting Creditors had the right, and more than a month, to move for a Rule 2004 examination of Linda prior to the September 20, 2011, hearing on their Objection to Linda's claim. They did not avail themselves of their rights under Rule 2004[5]. The Court sees no reason to order an accounting when the Creditors did not utilize their rights under applicable rules.

Finally, the Court notes that, once the New Jersey litigation is complete, or before, "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." F.R.B.P. 3008.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Creditors' Objection (Dkt. 204) to Linda's amended Proof of Claim No. 1.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

[5]If Linda's argument that an adversary proceeding is required were to prevail, then the Creditors would have even more expansive discovery rights under F.R.B.P. 7026, *et al.*

10-60248-RBK Doc#: 236 Filed: 09/29/11 Entered: 09/29/11 16:10:31 Page 10 of 10

10