## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**EDWIN RITTER JONAS, III**,

Debtor.

Case No. **10-60248-11**

## MEMORANDUM OF DECISION

At Butte in said District this 17th day of July, 2012.

Pending in this Chapter 11 case are several matters, including: (1) motion to dismiss filed by Debtor's former spouse Linda Jonas ("Linda") (Docket No. 227), and Debtor's objection thereto; (2) Debtor's motion to extend time to file a chapter 11 plan and disclosure statement (Dkt. 241) and objection thereto filed by Linda; (3) motion for reconsideration (Dkt. 243) filed by Creditors[1] and Linda's objection thereto. These matters were held in abeyance pending a final decision of the Debtor's appeal in his divorce case in the New Jersey state court system. Debtor's attorney filed a Report on April 30, 2012, stating "[a]ll appellate avenues in New Jersey have been exhausted and no further appeals are possible." Consequently, the Court held a status hearing on these matters at Missoula on May 10, 2011. The parties were represented by counsel. The Court granted the parties time to file briefs on the pending matters, which have been filed and reviewed by the Court together with the record and applicable law. These matters are ready for decision. For the reasons set forth below Debtor's motion to extend time is denied and this case will be dismissed with prejudice pursuant to the approved Stipulation (Dkt. 198) between

---

[1]The moving "Creditors" are: John Bloomquist, Gough, Shanahan, Johnson & Waterman, RLK Hydro, Inc., Roderick V. Hannah and Sandra Hochman.

1

the Debtor, Chapter 7 trustee and U.S. Trustee.

This Court has exclusive jurisdiction of this chapter 11 case under 28 U.S.C. § 1334(a). The pending matters are core proceedings under 28 U.S.C. § 157(b)(2).

At the hearing on May 20, 2012, Debtor was represented by attorney Edward A. Murphy of Missoula. The "Creditors" were represented by attorney Ronald F. Waterman ("Waterman") of the Gough law firm of Helena, Montana. Linda was represented by attorney Robert Erickson, Sullivan, Tabaracci & Rhoades, P.C., Missoula.

### BACKGROUND FACTS & PROCEDURAL HISTORY

Debtor Edwin Ritter Jonas, III ("Jonas" or "Debtor") filed his voluntary Chapter 11 petition commencing this case on February 19, 2010, signing the petition under a declaration under penalty of perjury that the information in the petition is true and correct. Debtor filled in the box on the petition stating "Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)." The list of creditors filed with the petition lists Linda B. Jonas as holding the largest unsecured claim in the amount of $1,091,391.21, which is marked as "disputed."

On March 1, 2010, Debtor filed an application to employ Waterman of the Gough law firm to represent the Debtor in an action in the Montana Twentieth Judicial District Court, Cause No. DV-09-388, in which Linda recorded a judgment from the State of New Jersey from the parties' divorce case. After a hearing, the Court overruled Linda's objection and Waterman was employed to handle the Debtor's appeal in the Montana Supreme Court[2].

Debtor filed his Schedules and Statement of Financial Affairs ("SOFA") on March 7,

---

[2]In Dkt. 30 the Court noted that Waterman need not be disinterested under 11 U.S.C. § 327(e), and concluded that his employment as counsel for the special purpose is in the best interest of the estate and Waterman did not hold an interest adverse to the Debtor or estate.

2

2010, listing total assets worth $1,423,510.54 and total liabilities of $2,189,459.23.  On Schedule A – Real Property" Debtor stated: "None."  Of the total assets, Schedule B lists $1,350,000 at paragraph 21 of Schedule B ("Other contingent and unliquidated claims of every nature ....") described as:  "Chose in Action Against Linda B. Jonas & Nancy D. Gold Esq.[3] for misappropriation of a trust fund in which Petitioner has 100% reversionary interest.   Law Suit in Florida."  Another interest in a partnership or joint venture is listed at paragraph 14 valued at $5,000 described as "50% interest in Blacktail Mountain Ranch Co. LLC.  41004 Big Lodge Lane, Rollins, MT."

Schedule E lists Linda as a creditor holding an unsecured priority claim in the amount of $1,091,391.21.  The Debtor's description of the date the claim was incurred and consideration for claim states in full:  "Claim for alimony.  Debtor disputes the amount owed and priority status if any amount is owed."  Schedule E also lists disputed claims of the Internal Revenue Service ("IRS") for income taxes for years 1994, 1995, and 2002-2003 in a total amount exceeding $268,000.

Schedule I lists Debtor's income as a rancher employed by Blacktail Mountain Ranch Co. as $0.  His total income of $770 per month is from veteran's disability benefits.  Schedule J lists his monthly expenses as $939, leaving a monthly deficit of $169.00.

The SOFA lists at items 1 and 2 Debtor's income from veteran's benefits, and "rents received by LLC" ($9,100.00 in 2008), and sales by the LLC of $65,660.00 in 2008, $42,109.69 in 2009, and $9,800.00 in 2010 (to date).  Item 4 of the SOFA lists several suits, including an action against Linda and Nancy Gold in the Florida 15th Judicial District Court and Fourth

---

[3]Gold may be Linda's divorce attorney.

3

District Court of Appeal described as "Civil Action for Conversion & Negligence in Management of the Trust"; the divorce case in New Jersey ("FM 00259-89"); and Linda's docket of the foreign judgment in the Montana Twentieth Judicial District Court, Lake County. Item 18 of the SOFA describes Debtor's businesses as the ranching business in Rollins from 6/29/01 to current date, and his law practice in Boca Raton, Florida from 1996 to 12/2006. Jonas signed his Schedules and SOFA under penalty of perjury.

A claims bar date of June 21, 2010, was fixed by Order entered on March 23, 2010. Also on March 23, 2010, the Court approved Debtor's application to employ attorney Rod Hannah to serve as special attorney for the estate on a contingency fee basis in the Florida 15th Judicial Circuit Court, Beach County, Cause No. CA 02005708, on claims alleging fraud and breach of fiduciary duty against Linda and Nancy Gold.

Linda filed her Proof of Claim No. 1, as amended, on March 24, 2010, asserting a claim in the amount of $1,091,391.21 based on the judgment from the divorce case in New Jersey, and the action in Montana Twentieth Judicial District Court DV-09-388 to record the foreign judgment. Linda's claim asserts that her claim is secured by a charging order and by unspecified personal property which she valued in the amount of $2,250,000.00.

Linda moved to appoint a trustee, which was denied after a hearing held on April 8, 2010. She filed a motion to reconsider, but that motion too was denied after a hearing when the Court granted the U.S. Trustee's motion to convert the case to Chapter 7, after a show cause hearing, by Order entered on June 11, 2010. Dkt. 94. The Court converted the case for "cause" shown based on the Debtor's failure timely to provide operating reports and information requested by the U.S. Trustee, and because the Court "saw no progress toward confirmation." Dkt. 94, pp. 3-4.

4

Richard J. Samson ("Samson") was appointed chapter 7 Trustee.

Debtor filed amended Schedules and SOFA on June 11, 2010 (Dkt. 91). At item 14 of Schedule B the Debtor increased the value of Debtor's 50% interest in Blacktail Mountain Ranch Co. LLC, from $5,000 to $58,000. Amended Schedule I adds to Debtor's income $1,508 in social security, which after deducting his monthly expenses leaves a monthly net income at the bottom of amended Schedule J in the amount of $1,339.00. His amended SOFA lists at item 1 losses from the LLC ranch operation in 2008 and 2009, and a loss in his legal business in 2008.

The Debtor filed a motion to vacate the Order converting the case to Chapter 7, based on lack of due process. Debtor's brief in support of the motion states that the exclusivity period for his plan and disclosure statement would expire on June 21, 2010, and that his plan would have proposed making payments to creditors within 6 months after the date of confirmation based on the sale of low fat, low cholesterol beef. Dkt. 102, p. 4. The U.S. Trustee filed an objection, and the hearing on Debtor's motion to vacate conversion was continued several times at the request of the parties, until the Debtor filed a withdrawal of the motion.

On October 14, 2010, Debtor filed a motion to annul the automatic stay in order for Waterman to pursue Debtor's appeal of the Montana district court judgment to the Montana Supreme Court. Linda objected, and after a hearing on November 4, 2010, the Court granted Debtor's motion, annulled the stay and authorized the Montana Supreme Court "to consider and decide all issues in the pending appeal proceedings involving Edwin Ritter Jonas and Linda Jonas in the Montana Supreme Court."

The Trustee while the case was in Chapter 7 filed on June 23, 2011, a motion to establish bid procedures to sell the Debtor's membership interest in Blacktail Mountain Ranch Co., LLC.

5

Debtor filed an objection and that matter was set for hearing on July 7, 2011. Murphy and the Trustee Samson appeared and announced that they had reached a settlement. Debtor filed a motion to convert the case from chapter 7 back to chapter 11 on July 6, 2011.

On July 13, 2011, the Debtor, Chapter 7 Trustee and U.S. Trustee filed a Stipulation, Dkt. 198, which this Court approved by Order entered July 14, 2011 (Dkt. 200). The parties agreed in the Stipulation that the Debtor's motion to reconvert subject to certain terms and conditions. The Court's Order approving the Stipulation granted Debtor's motion to re-convert the case from chapter 7 to chapter 11 subject to those conditions, including that the Debtor shall file a Plan and Disclosure Statement on or before October 11, 2011, and file monthly operating reports ("MOR"). The Stipulation concluded:

> C. If the Debtor's Plan is not confirmed by the Court, or should the Debtor default in the timely filing of MOR's or the payment of quarterly fees to the United States Trustee, then this case shall immediately be dismissed with prejudice, and the Debtor and any entity which the Debtor holds an ownership interest shall not seek relief under any chapter of the Bankruptcy Code for a period of at least two years.

Dkt. 198, p. 2.

The Debtor failed to file a Plan and Disclosure Statement by October 10, 2011, instead filing a motion for extension of time which is before the Court.

On August 9, 2011, Waterman of the Gough law firm, representing the "Creditors," filed an Objection (Dkt. 204) to allowance of Linda's Proof of Claim 1, repeating the Debtor's argument that Linda has failed to credit Jonas for properties and funds which he transferred to her in trust, and asking for an accounting. A hearing on the Creditors' Objection to Linda's claim was scheduled for September 20, 2011.

6

After that hearing the Court entered a Memorandum of Decision (Dkt. 236) and Order (Dkt. 237) on September 29, 2011.  The Court overruled Waterman's Objection to Linda's claim because the Creditors offered no evidence to rebut the prima facie evidence of Linda's Proof of Claim.  The Court denied Waterman's request at the hearing to order an accounting of the amounts Linda received in trust, because Waterman did not utilize the Creditors' rights to examine Linda under F.R.B.P. 2004 prior to the hearing.

Waterman filed the Creditors' motion for reconsideration of the decision overruling the Creditors' Objection to Linda's claim on October 13, 2011, with a brief.  Waterman argued that hearing transcripts, statements of Linda's counsel, and Linda's appellate briefs submitted in the Debtor's New Jersey appeal in the divorce case, together constitute judicial admissions by Linda that she received funds from Jonas in trust, and that this Court should undertake an accounting and determine offsets and creditors against Linda's claim.  On October 18, 2011, Waterman[4] filed a motion for a Rule 2004 examination of Linda, which the Court granted per local rule.  Linda filed an objection on the same date setting the matter for hearing on November 10, 2011.

Linda filed her motion to dismiss this case on August 16, 2011 (Dkt. 225) and filed another motion to dismiss on September 1, 2011 (Dkt. 227), for "cause" based on Debtor's failure to pay domestic support obligations ordered by the New Jersey court in their divorce, pursuant to 11 U.S.C. § 1112(b)(4)(P)[5].  Debtor filed an objection on the ground that Linda

---

[4]Waterman originally filed his motion as attorney for Debtor, but filed a notice on November 14, 2011, to correct that he filed that motion and other pleadings as attorney for the Creditors.  Dkt. 266.

[5]Section § 1112(b)(4)(P) includes as "cause" to dismiss, "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition."

received substantial sums of money from Jonas and has not given him credit against his domestic support obligations, and he requested that Linda's motion to dismiss be held in abeyance pending the result of the New Jersey appeal.  The motion to dismiss was continued to December 8, 2011.

On October 7, 2011, Debtor filed a motion (Dkt. 241) to extend the agreed October 10, 2011, deadline to file his plan and disclosure statement to December 9, 2011.  Debtor argued that the provisions of his plan will depend on the outcome of his appeal in the divorce case in New Jersey.  Linda filed an objection to the requested extension, arguing that the Debtor should be held to the deadline, or the case should be dismissed under the approved Stipulation (Dkt. 198).  Waterman filed a joinder in Debtor's motion to extend the deadline on behalf of his Creditors.  The motion to extend deadline was set for hearing on November 10, 2011.

At the hearing on November 10, 2011, counsel for the Debtor, Linda, and Waterman agreed to stay all proceedings and adversary proceedings until the Debtor's New Jersey appeal was decided. The Court entered an Order (Dkt. 268) staying all matters in this case and related adversary proceedings until the New Jersey appeal is final.  The Court directed Debtor's attorney Murphy to file a report when the appeal was final.

Murphy filed his Status Report (Dkt. 293) on April 30, 2012.  That Report states that "the New Jersey Supreme Court has denied his petition for certification with respect to the case in New Jersey where the Debtor sought an accounting and other relief.  All appellate avenues in New Jersey have been exhausted and no further appeals are possible."  The Court set a status hearing for May 10, 2012.  At that hearing the Court set a briefing schedule for the parties.

Jonas filed his brief on May 24, 2012, with supporting declarations (Dkt. 300, 301 & 302).  Waterman filed his brief (Dkt. 303) with 47 exhibits on May 24, 2012.  Linda filed her

brief on June 7, 2012, with 15 exhibits.  Waterman and the Debtor filed reply briefs regarding

dismissal on June 14, 2012.

**Adversary Proceeding No. 10-00031.**

Jonas initiated Adv. No. 10-31 by filing a complaint against Linda on March 30, 2010,

based upon 11 U.S.C. § 547 stating five counts to avoid her charging order as a preferential

transfer, to determine the validity of her lien, objecting to her Proof of Claim, seeking damages

for filing a false claim, and seeking damages for filing the New Jersey judgment in the Montana

state district court.  Linda filed an answer and motions to dismiss.  The Court allowed extensive

briefing and heard the motions on August 5, 2010.

On August 12, 2010, the Court entered a Memorandum of Decision and Order granting

Linda's motion to dismiss Counts III, IV and V of the complaint for lack of subject matter

jurisdiction.  This Court held that it lacked jurisdiction of Counts III, IV and V of the complaint

under both the *Rooker-Feldman* doctrine,[6] citing *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th

Cir. 2010); and *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003), but also lacked jurisdiction

under "domestic relations exception" to federal court diversity jurisdiction.  *Marshall v.

Marshall*, 547 U.S. 293, 298, 307-08, 126 S.Ct. 1735, 1741, 1746, 164 L.Ed.2d 480 (2006),

citing *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992).

Jonas filed a motion to vacate the Order dismissing Counts III, IV and V.  Linda filed an

objection, and after a hearing the Court entered an Order on December 15, 2010, holding the

motion to vacate in abeyance pending Jonas appeal of the New Jersey divorce decision.  Linda

---

[6] The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

filed a motion to dismiss based on Jonas' lack of standing.  The Court denied that motion on

June 30, 2011.  The Court continued the status/scheduling conference in Adv. No. 10-31 without

date pending the conclusion of Debtor's New Jersey appeal, which is now final and rejected

Debtor's request for relief.

**Adversary Proceeding No. 10-104.**

Linda filed a complaint against the Debtor and his sister Connie Roberts initiating Adv.

No. 10-104 on December 20, 2010.  The Chapter 7 Trustee Samson was substituted as plaintiff

on February 23, 2011, but Linda was substituted back as plaintiff on October 7, 2011, after the

main case was converted back to Chapter 11.   A trial was scheduled, but on October 7, 2011, the

Court continued the trial until 30 days after the Court either confirms or denies the Debtor's

chapter 11 plan which was due by October 10, 2011, under the Stipulation (Dkt. 198), and after

the Court makes a final determination with respect to Linda's motion to dismiss the bankruptcy.

After the main case was reconverted to Chapter 11, the U.S. Trustee filed two notices of

delinquent quarterly fees (Dkt. 203 and 269), both which prompted entry of Orders setting show

cause hearings why the case should not be dismissed for Debtor's failure to pay quarterly fees.  In

both instances the Debtor paid quarterly fees, the U.S. Trustee withdrew the notices of

delinquency, and the show cause hearings were vacated.

To date the Debtor has not submitted a plan and disclosure statement, which was due by

Stipulation on October 10, 2011.  Debtor's motion to extend asked for a 60 day extension until

December 9, 2011, which also has expired.

**DISCUSSION**

**A.  Contentions of the Parties.**

10

Linda's brief argues that the case should be dismissed with prejudice immediately now that Debtor's appeal in the New Jersey courts failed and is final, under § 1112(b)(4)(P), for his failure to pay the domestic support obligation and alimony owed to her since the filing of his petition.  Linda argues that the Debtor has failed to file a plan and disclosure statement within the time required for a small business debtor under 11 U.S.C. § 1129(e), that no creditor has asked for conversion of the case to chapter 7, and the approved Stipulation signed by the Debtor provides for immediate dismissal with a two year bar against refiling.  With respect to the Creditors' motion for reconsideration, Linda argues that the district court and Montana Supreme Court have rejected the Debtor's contentions that Linda's judgment was satisfied by her transfers from the trust, just as the New Jersey Courts rejected the argument, as well as the U.S. Tax Court, and that those transfers predated her 2006 judgment against Jonas which was entered in New Jersey.

The Debtor argues that he committed to attend the hearing in his appeal of New Jersey divorce case for an accounting, but that he could not post the bond required by the New Jersey Courts to grant him relief from the fugitive disenfranchisement doctrine because he is bankrupt and all his property is property of the estate under 11 U.S.C. § 541[7].  Therefore, he contends, he was deprived of an accounting by Linda in the New Jersey courts and there has been no judgment on an accounting.  Because he was deprived of an accounting, he contends he was deprived of due process and the *Rooker-Feldman* doctrine is no longer applicable.  Further, because his property was property of the estate he contends the New Jersey courts lacked the authority of the

---

[7]Debtor's brief states that he was told the hearing was cancelled, so he did not attend.  He did attend the oral argument of his appeal in New Jersey.

bankruptcy court to order estate property committed to a bond, which Debtor argues constituted a debt collection device against a Debtor who is protected by the automatic stay.  Debtor argues that this Court is as capable of conducting an accounting of what Linda received as the New Jersey court, that Linda's counsel admitted to this Court that she received funds, and that an accounting will show that her judgments have already been paid.  Debtor requests that this Court vacate its Order dismissing counts III, IV and V in Adv. No. 10-31 and allow the Debtor to litigate the issues, including an accounting.

Creditors brief in support of their motion for reconsideration (Dkt. 303) relies on Debtor's argument that the *Rooker-Feldman* doctrine does not apply.  They argue that Linda's attorney admitted to this Court that she received some funds, and they request an accounting and an offset against her claim.  Waterman's brief goes through a net worth analysis of Debtor's alimony obligation to Linda beginning in 1990 when the marriage was dissolved, Linda's appointment as receiver of Jonas' properties and rents paid to her, state court orders creating a constructive trust and Linda's authority to withdraw certain sums from the trust to pay support, attorney fees and expenses.  Waterman contends that Linda retained trust income and assets and did not provide an accounting or deposit them into the trust account, and did not offset those amounts against the judgments owed by Jonas.  Waterman states that the constructive trust under Linda's control would have yielded a corpus of approximately $1,113,568, more than enough to pay all the child support and alimony owed by Jonas, with excess remaining.  Waterman argues that Linda obtained her default judgment against Jonas in the New Jersey case without disclosing or providing an accounting for the proceeds she received in trust, and her judgment does not include credits for the money, rents or proceeds she received.  Waterman requests that Linda's claim be

12

rejected as at least inaccurate and improper, and that Linda be required to submit to a Rule 2004 examination and produce documents to support her claim and account for the receipt and expenditure of the trust funds.

Creditors' reply brief argues that the Montana district court and Supreme Court did not consider the merits of their accounting contentions because those courts held that *res judicata* controlled, and that this Court is the only court where they have standing to prevent Linda from a double recovery by not accounting for offsets. Creditors argue that the accounting was never actually litigated because Linda obtained her judgment against Jonas by default, and that it would be a simple matter for Linda to appear and testify under oath about the offsets, which her attorney has admitted. Attached to Creditors' reply brief is a transcript from an August 29, 1996, hearing in New Jersey which they contend support their position that Linda is fraudulently trying to make a double recovery by not accounting for offsets. Creditors argue that Jonas finally submitted to the jurisdiction of the New Jersey courts for his accounting, but the New Jersey courts overlooked the need for an accounting and affirmed Linda's judgment. Creditors argue that, while Jonas had opportunities to request an accounting, they have no other venue than this Court to adjudicate their claims for an accounting to see if any credits or offsets can be made against Linda's claim, so that they might recover.

Debtor's reply brief repeats that he complied with the New Jersey courts' requirement "to the extent that he could," but the New Jersey courts shut their doors to him because he could not post a bond. He argues that Linda, not he, squandered the family fortune which she disposed of without accounting for it and without giving him any credits or offsets. Debtor argues that this Court has jurisdiction to determine if Linda's claim has been paid, and since the New Jersey

13

courts shut their doors to him this Court should order the accounting. Debtor contends that

neither *Marshall* nor the domestic relations exception supports Linda's argument that this Court

lacks jurisdiction to do an accounting. He argues that Linda's statements in the Florida state

courts that all matters in the Florida litigation were the subject of the adversary proceeding in this

Court, and that this Court was considering an accounting, constitute a proper instance for

application of the doctrine of judicial estoppel because her positions are inconsistent. Debtor

requests that this Court vacate the dismissal of Counts III, IV and V in Adv. No. 10-31 and

consider his claims for an accounting.

      With respect to Linda's request for dismissal, the Debtor argues that he has not gone

beyond the deadline for filing a plan in a small business case because of his pending motion to

extend the deadline, and that because the Court held all matters in abeyance he is not beyond the

300 day limit for confirmation. Debtor submits that once this Court orders an accounting and

determines the amount of Linda's claim, "[a]fter that a plan and disclosure statement can be

submitted in fairly short order."

      **B. Enforcement of the Stipulation.**

      Notwithstanding the detailed contentions of the parties described above, this Court deems

the appropriate disposition of this case is pursuant to the approved Stipulation entered into

between the Debtor, Trustee and U.S. Trustee on July 13, 2011 (Dkt. 198). At the time the

Debtor entered into the Stipulation the case had been converted to Chapter 7, and bid procedures

for the sale of the Debtor's interest in the Blacktail Mountain Ranch Co., LLC, had been

approved. The Debtor, represented by counsel, had negotiated the Stipulation to allow him to

reconvert the case to Chapter 11, thereby forestalling the Trustee's sale of the estate's interest in

the LLC.  The U.S. Trustee and Trustee agreed, subject to the specific terms and conditions,

including that the Debtor file a Plan and Disclosure Statement on or before October 11, 2011,

and file monthly operating reports ("MOR").  The Stipulation concluded:

> If the Debtor's Plan is not confirmed by the Court, or should the Debtor default in
> the timely filing of MOR's or the payment of quarterly fees to the United States
> Trustee, then this case shall immediately be dismissed with prejudice, and the
> Debtor and any entity which the Debtor holds an ownership interest shall not seek
> relief under any chapter of the Bankruptcy Code for a period of at least two years.

The case docket plainly reflects that the Debtor failed to file a plan and disclosure

Statement by October 10, 2011, instead filing his motion for an extension of time (Dkt. 241) to

file his plan and disclosure statement to December 9, 2011.  The passage of time has rendered the

requested extension to December 9, 2011, moot, and now the Debtor argues that he can file a

plan and disclosure statement "in fairly short order" after the accounting of Linda's offsets is

completed.  The approved Stipulation renders any further delay unnecessary, and disposes of all

pending matters.

The Debtor failed to perform his obligation under the approved Stipulation.  He failed to

file a plan and disclosure statement by the deadline.  On two instances he failed to pay timely

quarterly fees.  For each of those failures, under the negotiated Stipulation the case was subject to

immediate dismissal with prejudice and a 2-year bar against refiling.  That was the Debtor's

bargain, made on advice of counsel in exchange for the right to reconvert to Chapter 11 in the

Stipulation.  The Debtor has enjoyed the benefits of the Stipulation and the protections of the

Bankruptcy Code since he filed his petition on February 19, 2010.  Those benefits, however, are

accompanied by burdens.  Having failed to perform his side of the bargain, the Court deems it

appropriate to enforce the Stipulation and dismiss this case with prejudice.

15

Pursuant to Pursuant to § 105(a), the bankruptcy court is authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Reinertson*, 241 B.R. 451, 455, 18 Mont. B.R. 72, 77 (9th Cir. BAP 1999). Section 105(a) further provides: "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." § 105(a).

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case before it. However, the district court may enforce only complete settlement agreements." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). *Callie v. Near* was cited as good law in *Doi v. Halekulani*, 276 F.3d 1131, 1138 (9th Cir. 2002). The Stipulation (Dkt. 198) in this case is written, complete, and was approved by this Court after negotiation with the Debtor represented by experienced bankruptcy counsel. Other than Debtor's motion for extension, which requests an expired deadline, no motion has been filed for relief from the terms of the Stipulation. It is enforceable. *Doi v. Halekulani*, 276 F.3d at 1138. Based on the Debtor's failure to perform under the terms of the Stipulation, the Court deems it appropriate to dismiss the case pursuant to the Stipulation. *Id.*

Under the Stipulation the case was subject to dismissal with each breach of the Stipulation by the Debtor. The Bankruptcy Court has the authority, sua sponte, to dismiss a bankruptcy case for cause. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869 (9th Cir. 2004) ("Section 105(a) makes 'crystal clear' the court's power to act sua sponte where no party in interest or the Unites States trustee has filed a motion to dismiss a bankruptcy case."); *see also C-*

16

*TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1312 (2d Cir. 1997) ("When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so.")

Thus, even without Linda's motion to dismiss, based on the Debtor's failure to comply with the conditions of the Stipulation, this Court concludes that the record is sufficiently well developed to allow the court to draw the necessary inferences to dismiss this case pursuant to the Stipulation, and for cause. The Court sees little more progress toward reorganization than when the Court converted the case to Chapter 7.

The Debtor has been represented throughout this case by experienced bankruptcy counsel. While the divorce case of Linda and Jonas may have been complex, this Chapter 11 case is not complex. The Debtor listed no real property on his Schedules. His income is comprised of social security, disability, and sales of beef by his LLC. Nothing prevented the Debtor from preparing and submitting a plan and disclosure statement in this case that informed creditors of his history, assets, liabilities, income, expenses, and his plan to reorganize or liquidate, including a description of various contingencies depending upon the results of his efforts to force an accounting from Linda. The Court, the Trustee and U.S. Trustee gave the Debtor the bargained for amount of time in the Stipulation to file a plan and disclosure statement as a condition to convert the case back to Chapter 11, after the case had been converted to Chapter 7 due to Debtor's failure to comply with reporting requirements. The Debtor failed to perform under the Stipulation, and now asks for an additional unspecified period of time to force an accounting from Linda, which this Court has already denied. Instead, the Court will enforce the Stipulation and dismiss this case with prejudice, and with a 2-year bar against refiling.

17

Debtor argues that his plan and disclosure statement are not due, but that simply ignores the terms of the approved Stipulation. Section 1112(b)(4)(J) includes as "cause" to dismiss, "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the Court." The October 10, 2011, deadline agreed to by the Debtor and approved by the Court was a time fixed by order of the Court, and constitutes cause to dismiss.

Additional cause under § 1112(b)(4)(P) is "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." The Debtor and Waterman's Creditors cannot dispute that the Debtor has failed to pay Linda's support debts which came due after the date of the filing of Debtor's petition, except within the context of their arguments requesting an accounting by Linda, which they argue will show that she is owed nothing. Debtor's schedules describe Linda's claim as alimony. The Creditors' Objection to Linda's claim was overruled. The Court denies the Creditors' request for reconsideration below, so Linda's claim remains allowed as filed, and the Debtor's failure to pay Linda's support obligations constitutes additional cause to dismiss under § 1112(b)(4)(P).

The opposition to dismissal by Debtor and Waterman's Creditors rests on what they argue are their rights to an accounting by Linda of funds and properties she received in trust, and for offsets against her judgment claim. This Court denied Debtor's request for an accounting in Adv. No. 10-31. However, the Debtor was free after reconversion to Chapter 11 to return to New Jersey and petition the state court for an accounting. This Court held all matters in abeyance until the Debtor's appeal in New Jersey was final.

According to the Debtor the New Jersey court informed him that he could have an accounting on two conditions. First, he must appear in court in New Jersey, and second he must

18

post a bond.  The Debtor failed to satisfy both conditions, and offers excuses instead.

The Debtor contends that he had "committed" to appear in the New Jersey court, but that the New Jersey district court vacated the scheduled hearing when the Debtor failed to post the required bond.  He argues that the requirement for a bond imposed by New Jersey was in violation of the protections of the automatic stay, and because of that this Court should vacate its decision in Adv. No. 10-31 and conduct the accounting.  The Court declines.

As a debtor-in-possession the Debtor had the trustee's right, under 11 U.S.C. § 363(b)(1) and 11 U.S.C. § 1107(a), to request an order from this Court to use property of the estate to pay the bond in New Jersey.  The Debtor did not file such a motion in this Court.  Debtors and Waterman's Creditors appeal to equity, but "[t]he law aids the vigilant before those who sleep on their rights."  MONT. CODE ANN. § 1-3-218.  The Debtor having failed to exercise his authority under the Bankruptcy Code to pay the New Jersey bond, this Court sees no reason to wait any longer to dismiss this case pursuant to the Stipulation.

Dismissal of this case renders moot Waterman's Creditor's motion to reconsider the Order overruling their Objection to Linda's claim, and renders moot their motion to conduct a Rule 2004 examination of Linda.  Dismissal also moots and divests this Court of jurisdiction in the pending adversary proceeding Nos. 10-31 and 10-104, and they will be dismissed.

Pursuant to the Stipulation, the above-captioned Chapter 11 case will be dismissed with prejudice, "and the Debtor and any entity which the Debtor holds an ownership interest shall not seek relief under any chapter of the Bankruptcy Code for a period of at least two years."  Stipulation (Dkt. 198).

**C.  Reconsideration.**

19

In addition to being moot by dismissal pursuant to the Stipulation, the Court writes further regarding the Creditors' motion to reconsider the Court's memorandum and order overruling their Objection to Linda's Proof of Claim, and Debtor's motion to vacate dismissal in Adv. No. 10-31. Waterman argues that the Creditors will be denied due process if this Court does not reconsider and require an accounting from Linda, and that this Court earlier stated that an accounting would take place. The Court disagrees that the parties have not been given due process, and notes that the Creditors had notice and a hearing, and had more than a month to prepare for the September 20, 2011, hearing on their Objection to Linda's claim.

Waterman appeared representing the Creditors at that hearing, but filed no witness and exhibit list prior to the hearing and, as Waterman concedes on page 1 of his brief (Dkt. 243), Creditors offered no documents into evidence, and offered no witness testimony. The Court overruled Creditors' Objection to Linda's claim, but even then the Court cited the parties' rights to move for reconsideration after the New Jersey litigation was complete under Rule 3008. The New Jersey litigation is complete, and because the Debtor failed to appear and post a bond the New Jersey courts denied the accounting to which he otherwise was entitled.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Products*, 122 B.R. 119, 121-122

(D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988). The Creditors' motion for reconsideration does not present newly discovered evidence, which was not available to the Creditors when they filed their Objection, or at the hearing on September 20, 2011.

Waterman's Creditors and the Debtor filed with their briefs (Dkt. 301, 303) hearing transcripts, pleadings and documents dating as for back as 1995 in the New Jersey divorce case. These documents were not offered at the September 20, 2011, hearing, even though clearly they were available to Waterman's Creditors and the Debtor. The attachments to Creditors' and Debtor's briefs are attorney argument, and attorney argument is not admissible in evidence and therefore not relevant. *Hurley v. Student Loan Acquisition Auth. of Ariz., et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); *In re Nielsen*, 211 B.R. 19, 22 n.3 (8th Cir. BAP 1997) (Neither statements of counsel nor exhibits to a brief are evidence unless expressly stipulated as admissible evidence); *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) (Documents attached to debtors' motion do not constitute evidence and may not be considered by the court).

Thus, the Court finds that Waterman's Creditors and the Debtor failed to show manifest error of fact or law, or newly discovered evidence that was not available for the September 20,

21

2011 hearing.  Further, the Court sees no other "highly unusual circumstances" to support the motions for reconsideration of this Court's Orders overruling Creditors' Objection to Linda's claim and denying Debtor's motion to vacate dismissal in Adv. No. 10-31.  Accordingly, the motions for reconsideration will be denied.

**IT IS ORDERED** separate Orders shall be entered in conformity with the above:  (1) Denying Debtor's motion to extend time to file plan and disclosure statement, dismissing the above-captioned Chapter 11 case with prejudice, and prohibiting the Debtor Edwin Ritter Jonas, III, and any entity in which the Debtor holds an ownership interest, from seeking relief under any chapter of the United States Bankruptcy Code for a period of at least two years; (2) denying the Creditors' motion for reconsideration filed on October 13, 2011 (Dkt. 243); (3) vacating the Order entered on October 18, 2011 (Dkt. 250) which granted a Rule 2004 examination of Linda Jonas and denying the Creditors' motion for Rule 2004 examination of Linda (Dkt. 249); (4) dismissing Adv. No. 10-31; and (5) dismissing Adv. No. 10-104.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

22