UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re:

EDWIN RITTER JONAS, III,,

Debtor.

Case No. 10-60248-11

## *MEMORANDUM OF DECISION*

At Butte in said District this 23rd day of July, 2012.

The above captioned Chapter 11 case was dismissed by Memorandum of Decision (Docket No. 312) and Orders entered on July 17, 2012 (Dkt. 313, 314 & 315), along with Adversary Proceeding Nos. 10-00031 and 10-00104, pursuant to a Stipulation (Dkt. 198) the Debtor had entered into with the U.S. Trustee and Trustee while the case was pending in Chapter 7.  The Debtor filed a motion for stay pending appeal (Dkt. 319) and a motion for expedited hearing.  Debtor's former spouse Linda Jonas ("Linda") filed an objection, and a hearing on Debtor's motion for stay was held at Missoula on July 23, 2012.  Debtor Edwin Ritter Jonas, III ("Jonas" or "Debtor") appeared and testified, represented by attorney Edward A. Murphy ("Murphy") of Missoula.  Linda was represented by attorney Quentin H. Rhoades of Missoula.  Attorney Ronald F. Waterman ("Waterman") appeared representing several Creditors.  The Court heard argument of counsel, then took Debtor's motion under advisement.  After review of the record, Debtor's motion for stay pending appeal will be denied for the reasons set forth below.

Murphy stated at the hearing that the Debtor is not offering a supersedeas bond.

1

Therefore, Debtor as the moving party seeking a stay pending appeal must satisfy the requirements of F.R.B.P. Rule 8005.[1] In the case of *Martinson v. Towe (In re Towe)*, 14 Mont. B.R. 1, 2-3 (Bankr. D. Mont 1994), this Court set forth the standards for evaluating motions filed under Rule 8005:

> Rule 8005 provides that a bankruptcy judge "may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." This Court has explained in construing Rule 8005:
>
>> Such rule incorporates the practice with respect to automatic availability of a stay pending appeal upon approval of a supersedeas bond. The purpose of the bond is to indemnify the party who was successful in the Bankruptcy Court against loss caused by an attempt to reverse the decision upon appeal. *In re Theatre Holding Corp.*, 22 B.R. 884, 885 (Bankr. S.D.N.Y. 1982). *See, also, In re Swift Air Lines, Inc.*, 21 B.R. 12 (9th Cir. BAP 1982). With the posting of sufficient supersedeas bond, under the above authorities, the standard for granting the stay becomes unimportant.

In the instant case, Debtor has not filed or offered a supersedeas bond. Therefore, Debtor must satisfy the same tests required for the granting of an injunction:

> A party seeking relief under Rule 8005 must show (1) that he will suffer

---

[1] Rule 8005 reads in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

> irreparable harm unless the stay is granted; (2) a likelihood of success on the merits of the appeal; (3) that the other parties will suffer no substantial harm if the stay is granted; and (4) that the public interest will not be harmed if the stay is granted. *In Matter of Baldwin United Group*, 45 B.R. 385, 11 C.B.C. 1195 (Bankr. S.D.Ohio 1984). The same tests apply for granting of an injunction. *See, Regents of University of California v. ABC, Inc.,* 747 F.2d 515 (9th Cir. 1984) . . . .

*In re Klopp*, 14 Mont. B.R. 334, 335 (Bankr. D. Mont. 1995)*; Hoeger v. Teigen (In re Teigen)*, 9 Mont. B.R. 523, 523-25 (Bankr. D. Mont. 1991).

 *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 99 B.R. 513, 515 (Bankr. Conn. 1989), notes that several courts have held that an appellant must clearly establish all four injunction factors. *Id.*, *citing Baldwin United Group, supra*, and *John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.)*, 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983). However, the Court in *Barrick Group* goes on to state that "the more authoritative and better approach is that the four factors should be used as guides. *See Hilton* [*v. Braunskill*]*, supra*, 481 U.S. [770,] 777, 107 S.Ct. [2113,] 2119, [95 L.Ed.2d 724 (1987)] ("[The] stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."); *In re Marine Pollution Service, supra*, 89 B.R. at 345; *In re Roth American, Inc., supra*, 90 B.R. [94,] 95 [(Bankr. M.D.Pa. 1988)]. This reading of the Rule 8005 is consistent with its plain language." *Id.* The Supreme Court in *Hilton* discussed Fed. Rule App. Proc. 8(a) from which the first, second and fourth sentences of Rule 8005 were adopted. One controlling principle is that issuance of a stay pending appeal, like a preliminary injunction, rests with the sound discretion of the trial court. *Hartigan v. Pine Lake Village Apartment Co., (In re Pine Lake Village Apartment Co.*, 21 B.R. 395 (S.D. N.Y. 1982); *Regents of Univ. of Cal. v. American Broad. Companies, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).

Debtor's motion argues that the first three factors weigh in favor of granting him a stay pending appeal, but that there is no public interest factor in the case that will be harmed. However, at the hearing Murphy changed Debtor's position on the fourth factor and argued that the public interest weighs in favor of granting a stay pending appeal in order to force Linda into giving an accounting of funds which she received in trust, and credit those payments against her filed Proof of Claim in order to promote the public interest that parties deal with courts fairly and honestly. Jonas testified that he has never been given his day in court to prove offsets he argues should be given against Linda's claim. He testified that Linda is a liar, a thief, and embezzler, that Linda's attorneys admitted that she received payments, and that he will lose his home if no stay is granted pending his appeal. Waterman argued that a stay should be granted because the Creditors[2] have no other forum to litigate their objection to Linda's claim, and that this Court promised that an accounting of transfers to Linda would be done.

Linda objects that all 4 factors weigh against a stay, that Jonas' arguments, including payments to Linda, were considered by the New Jersey courts and rejected, and that Jonas' arguments have been rejected by courts in Florida and Montana in addition to New Jersey.

The first factor that Jonas must prove is that he will suffer irreparable harm if the stay is not granted. Jonas argues that Linda's counsel and a receiver appointed under a charging order in state court have taken steps to take control of his 50% interest in Blacktail Mountain Ranch Co. LLC, and he will lose the faith of his customer base as well as his ability to conduct business if the receiver takes control, as well as lose his home. The testimony at the hearing was disputed as

---

[2] Waterman's "Creditors" are: John Bloomquist, Gough, Shanahan, Johnson & Waterman, RLK Hydro, Inc., Roderick V. Hannah and Sandra Hochman.

to whether Jonas owns 100% of the LLC or 50%, as he listed in his Schedules. The respective interests in the LLC are a matter for the Montana state courts, and a holder of another interest in the LLC who was not a party to Linda's state court action against Jonas would have recourse in the state court to protect her interest under basic due process principles. As far as Jonas' interest, the Court finds that he has failed his burden to show that he will suffer irreparable harm if the stay is not granted.

First, Jonas' testimony establishes that the LLC's cattle are loose, having escaped the fence on leased land where he placed them, and are wandering in the mountains and across highways. Linda seeks to have the receiver placed into possession of the LLC in order to protect the LLC assets. Jonas has admitted in his testimony that he failed to keep control of the LLC's cattle. The LLC's cattle appear to be in more harm under his control than they would be under a receiver's control.

Second, this estate does not include real property interests. Debtor listed no real property, and the LLC owns the real property where the Debtor lives. Thus, any sale of the real property must await a determination of the LLC ownership interests in state court. Debtor has failed to show that he would suffer irreparable injury absent a stay pending his appeal. Also, in the event Debtor prevails in his appeal and becomes entitled to an accounting of payments to Linda by the appellate court, the Debtor would have the ability to seek a money judgment from Linda for any loss, including theoretically recovery for loss of prospective economic advantage for loss of his business opportunities.

Finally, even with this decision Jonas has the right and ability under Rule 8005 to request a stay pending appeal from the appellate court, in this instance the United States District Court

for the District of Montana.  For those reasons the Court finds that the Debtor has failed to prove that he will suffer irreparable harm if his motion for stay pending appeal is not granted.

The second factor which Debtor must prove is a likelihood of success on the merits. Murphy argued that this Court dismissed this case while the case was held in abeyance, and deprived the Debtor of the opportunity to propose a plan and disclosure statement which he otherwise would have filed.  The relevant background facts and procedural history of this case are set forth in this Court's Memorandum, Dkt. 312, at pages 7 and 8.

After Linda filed her motion to dismiss and Debtor filed his motion for extension of time to file a plan and disclosure statement, the parties agreed[3] at hearing on November 10, 2011, to stay all proceedings "until the Debtor's New Jersey Appeal was decided."  Dkt. 312, p. 8; Dkt. 268.  The Court stayed all matters until the decision in New Jersey was decided by a final decision, and directed Murphy to report when the appeal was final.  Murphy reported that the appeal was final and Debtor lost on April 30, 2012.  There was no other reason the Court stayed these proceedings.

With Debtor's New Jersey appeal final, the Court set a status hearing on May 10, 2012, at which the parties appeared represented by counsel.  The Court entered an Order on May 11, 2012, granting the parties time to file briefs "on all the above-listed pending contested matters and adversary proceedings . . . after which the matters will be deemed fully submitted, taken under advisement and a decision rendered."  Dkt. 297.  Thus, the reason for the stay of all pending matters, i.e., a final decision on Debtor's appeal in New Jersey, expired and the Court held a hearing and thereafter granted the parties time to file briefs "on all . . . pending matters."

---

[3]Jonas testified that he never agreed to a stay, but his attorney did agree in open court.

6

The Court dismissed this case based upon the Stipulation (Dkt. 198), pursuant to the Court's equitable power to enforce summarily an agreement to settle a case before it. Dkt. 312, p. 16; *Doi v. Halekulani*, 276 F.3d 1131, 1138 (9th Cir. 2002); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Debtor lost his appeal in New Jersey. After a hearing the parties were granted time to file briefs on all pending matters, and the Court dismissed this case under the Stipulation.

Debtor's argument that he has not had his day in court is discussed in Dkt. 312, at pages 17-19. Debtor had numerous chances to present his claims for an accounting in the New Jersey courts, but he engaged in tactics which resulted in adverse decisions and judgments against him in New Jersey, and in Montana. This Court declined to review Debtor's adverse New Jersey divorce decisions under the *Rooker-Feldman* doctrine[4], as discussed in *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010), *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003), and based upon the "domestic relations exception" to federal court diversity jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 298, 307-08, 126 S.Ct. 1735, 1741, 1746, 164 L.Ed.2d 480 (2006), citing *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). After review of Debtor's motion and this Court's Memorandum, this Court finds that Debtor failed to show a likelihood of success on the merits to justify a stay pending appeal. The Debtor is not entitled to this Court's review of, and interference with, the New Jersey divorce decisions.

Waterman argued at the hearing that his Creditors have no other forum to seek an accounting from Linda, and that this Court stated that the Debtor was entitled to an accounting. This Court addressed this argument in its Memorandum, Dkt. 312 at pages 20-22. In sum, the

---

[4] The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Creditors filed their objection to Linda's Proof of Claim. The objection was set for a hearing. Waterman appeared at the hearing for the Creditors and offered no evidence. This Court overruled the Creditors' objection to Linda's claim under the authority of *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006), because the objecting parties failed to satisfy their burden of going forward and switch the burden of proof to the creditor, Linda. It is inaccurate to state that this Court did not give the Creditors due process to prove their objection to Linda's claim. They had notice and a hearing and an opportunity to offer evidence. They offered no evidence, so their objection to Linda's claim was overruled after a hearing.

The third element Debtor must prove is that the other parties will suffer no substantial harm if the stay is granted. The Debtor's testimony that the LLC's cattle are wandering loose, by itself, defeats Debtor's argument relative to this third element. Rather, it appears to the Court that Linda will suffer substantial harm if the stay is granted and the receiver does not take control of the LLC's cattle.

The fourth factor Debtor must prove is that the public interest will not be harmed if the stay is granted. The Court finds that the Debtor has failed to prove the fourth factor. The record of the divorce case underlying Debtor's bankruptcy case calls for the Debtor and Linda to finalize their dispute. This case has burdened the parties and this Court since February 19, 2010, when Jonas filed his petition. The case was converted when Jonas failed to perform his reporting requirements, and he was allowed to reconvert to chapter 11 only under the strict conditions of the Stipulation (Dkt. 198), which Jonas failed to perform. Instead Jonas requested still more time to relitigate his divorce into its third decade. The Court finds that the public interest will be

harmed if the Debtor is able to stay and further delay the results of his New Jersey divorce or, as he requests, to use the bankruptcy court to revisit final decisions by the New Jersey courts.

All four factors weigh against granting the Debtor's motion for stay pending appeal.

**IT IS ORDERED** a separate Order shall be entered denying Debtor's motion for stay pending appeal (Dkt. 319).

BY THE COURT

_Ralph B. Kirscher_
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana